CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
BOMIN BUNKER OIL LIMITED,
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BOMIN BUNKER OIL LIMITED,

                Plaintiff,

      v.

CENTRAL OIL CO. LTD.,
and
MIPO SHIPPING CO. LTD.,

                Defendants.
------------------------------------------------------------X

09 CV _____ (___)

**<u>VERIFIED COMPLAINT</u>**

      Plaintiff BOMIN BUNKER OIL LIMITED (hereinafter "BOMIN"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendants, CENTRAL OIL CO. LTD. (hereinafter, "CENTRAL OIL"), and MIPO SHIPPING CO. LTD. (hereinafter "MIPO") and collectively referred to as the "Defendants", alleges upon information and belief as follows:

<u>JURISDICTION</u>

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff, BOMIN, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place of business at Room 604-605, 6/F Centre Point, 181-185 Gloucester Road, Wanchai, Hong Kong SAR, China.

3. At all material times hereto, Plaintiff BOMIN was engaged in the business of supplying marine fuel oil, commonly referred to as bunker oil or bunker fuel, to ocean-going vessels in exchange for payments in U.S. dollars.

4. At all times material hereto, Defendants CENTRAL OIL and MIPO were, and still are, foreign business entities duly organized and existing pursuant to the laws of a foreign country with a place of business in Seoul, South Korea at Seoul Special City Jung Gu Namdaemunro 4Ga 17-7 Dongsung BD 5th Fl, as shown in the Commercial Registry Extract.

5. The Defendants are engaged in the shipping business as buyers & brokers of bunker fuels and, also, as owners, operators, managers and/or charterers of sea-going vessels.

6. MIPO, which was previously known as Central Oil Co. Ltd., was incorporated on July 9, 1997, but later changed its name from Central Oil Co. Ltd. to MIPO on December 31, 2007.

8. For the purposes of this action, the original company shall hereinafter be referred to as OLD CENTRAL OIL. MIPO, however, later caused another company to be incorporated bearing the same former name of MIPO (i.e. Central Oil Co. Ltd.) on February 5, 2008. That later formed company is the Defendant CENTRAL OIL.

9. The Defendants CENTRAL OIL and MIPO are affiliated companies, and the Defendant MIPO is the alter ego of Defendant CENTRAL OIL such that Defendant MIPO is

liable for the contractual obligations that were undertaken by Defendant CENTRAL OIL and this is especially so with respect to the contractual obligations which are the subject of this suit.

AS AND FOR A CAUSE OF ACTION
FOR BREACH OF A MARITIME CONTRACT

THE MARITIME CONTRACTS

10. On June 23, 2008, the Defendants, under the name of Central Oil Co. Ltd., placed an order with Plaintiff BOMIN pursuant to which the Plaintiff BOMIN was to deliver a quantity of specified types of bunker oil to the ocean-going vessel the M/V NOVA MIRACLE at the Port of Kohsichang. *See*, Exhibit A, Order for bunkers dated June 23, 2008, which was placed by CENTRAL OIL from the offices of CENTRAL OIL/MIPO by Y.C. Park among others.

11. The order was placed by Defendants for the account of "Master and/or Owner and/or charterer and/or operator and/or manager and Central Oil Co. Ltd.", and the order was confirmed with a written contract, dated June 23, 2008, pursuant to which the Defendants, under the name of Central Oil Co. Ltd., accepted Plaintiff BOMIN's general conditions of sale and delivery. *See*, Exhibit B, contract signed by Defendants under the name of Central Oil Co. Ltd. dated June 23, 2008; *and see*, Exhibit C, Plaintiff BOMIN's General Conditions of Sale and Delivery.

12. The BOMIN general conditions of sale and delivery, at ¶ 1, defines the "Buyer" as meaning: "the party and/or parties contracting to buy products and/or services as set out in the Seller's confirmation of Order for Products and/or Services, including its servants, agents, brokers, designated representatives, subsidiaries or affiliates wherever applicable." *See*, Exhibit C.

13. In the BOMIN general conditions of sale and delivery, at ¶ 18, the Governing Law is described as follows:

> "This Agreement is subject to General Maritime Law of the United States of America, place of jurisdiction in the United States of America, or any other law and jurisdiction as specified in the Contract. However, nothing in this clause shall preclude the Seller in the event of a breach of this Agreement by the Buyer, from taking such action or actions as it shall in its absolute discretion consider necessary to enforce, safeguard or secure its rights under this Agreement in any court or tribunal of any state or country, including but not limited to the action to enforce its rights of lien against ships, the existence and procedure of enforcement of such right of lien being determined by the local law of the place where the agreement is sought, or to otherwise obtain security by seizure, attachment or arrest of assets for any amount(s) owed to Seller."

*See*, Exhibit C.

14. The contract dated June 23, 2008 is a maritime contract.

15. Plaintiff BOMIN, as per the terms of the contract delivered the bunker oil on June 28, 2008, to the vessel the M/V NOVA MIRACLE. *See*, Exhibit D, Delivery Notices.

16. Plaintiff BOMIN issued an invoice for the bunker oil supplied to the M/V NOVA MIRACLE in the amount of $214,800.00. *See*, Exhibit E, Invoice No. 280925.

17. Additionally, on June 30, 2008, Defendants, under the name of Central Oil Co. Ltd., ordered a fuel delivery to the vessel the M/V HONG FA, which order was confirmed by Defendants under the name of Central Oil Co. Ltd., the fuel was duly delivered and an invoice was issued on July 11, 2008 for the amount of $42,477.00. *See*, Exhibit F, documents evidencing the contract and sale of fuel to Defendants for the vessel the M/V HONG FA.

18. Further, on July 9, 2008, Defendants, under the name of Central Oil Co. Ltd., again ordered a bunker oil delivery, this time to the vessel the M/V HONG DA, which bunker oil was duly delivered and an invoice was issued on July 17, 2008 for the of $45,700.00. *See*,

Exhibit G, documents evidencing the contract and sale of fuel to Defendants for the vessel the M/V HONG DA.

### THE BREACHES OF THE MARITIME CONTRACTS

19. As set forth in the invoices presented by Plaintiff BOMIN, there was a total amount of $302,977.00, which was due and owing to Plaintiff BOMIN for the delivery of bunker oil to the ocean-going vessels the MV NOVA MIRACLE, the M/V HONG FA and the M/V HONG DA.

20. As set forth on the invoices presented by Plaintiff BOMIN, payment was to be made within 30 days failing which interest charges of 2% would be added for each month that the payment was late. *See*, Exhibits E, F &G and Exhibit C, Plaintiff BOMIN's General Terms.

21. The Defendants have not paid any of the invoices in this matter for the M/V NOVA MIRACLE, the M/V HONG FA or the M/V HONG DA, despite the fact that Plaintiff BOMIN sent several notices for payment. *See*, Exhibit H, overdue notices.

22. The failure on the part of the Defendants to satisfy the invoices for the M/V NOVA MIRACLE, the M/V HONG FA and the M/V HONG DA are breaches of the maritime contracts and Defendants are, therefore, in breach of the maritime contracts at issue in this matter.

### DEFENDANTS' RELATIONS

23. The Defendant MIPO or OLD CENTRAL OIL is a company that was established in 1997 in South Korea for the purpose of engaging in the business of sales and brokering of marine fuel oil for vessels.

24. In December of 2007, the Defendant reorganized itself into MIPO or, otherwise, changed its name to MIPO. *See*, Exhibit I, the Commercial Registry Extract for both Defendants issued by the Central Administration Office of Commercial Registry, National Court Administration on March 6, 2009.

25. Despite the change of the company's name from Central Oil Co. Ltd. to MIPO, MIPO continued to enter into contracts with Plaintiff BOMIN under the name of Central Oil Co., Ltd. after December 31, 2007, and it did not inform the Plaintiff BOMIN of its change of name. *See*, Exhibit J, Invoices 28034, 280342, 280393 and 280401 each of which includes a contract signed by Defendants under the name of Central Oil Co. Ltd.

26. Throughout the years 2005 to as late as April of 2008, Plaintiff BOMIN supplied bunker fuel to at least eight (8) sea-going vessels pursuant to contracts with Defendant MIPO under the latter's former name of Central Oil Co. Ltd.

27. However, another company was incorporated, using the exact same name of Central Oil Co. Ltd. that had now become MIPO on or about February 5, 2008, and that other company is Defendant CENTRAL OIL.

28. Defendants CENTRAL OIL and/or MIPO relied on the prior course of dealings between Plaintiff BOMIN and Defendant MIPO/OLD CENTRAL OIL to induce BOMIN to agree to the contracts for the M/V NOVA MIRACLE, the M/V HONG FA and the M/V HONG DA in the summer of 2008, and the Plaintiff BOMIN was misled into believing that BOMIN was entering into the said contracts with OLD CENTRAL OIL without knowing that OLD CENTRAL OIL had reorganized itself and/or changed its name to MIPO or that another new company bearing the same name, i.e. Defendant CENTRAL OIL, had been incorporated.

29.     Defendant MIPO is listed on the web site mintportal.bvdep.com as a private company whose previous name was "Central Oil Co. Ltd." located in Seoul, Republic of Korea. *See*, Exhibit K, a printout of the web site listing.

30.     Both Defendants MIPO and CENTRAL OIL carry out or direct the same exact business of buying of bunker fuels and owning and/or operating sea-going vessels.

31.     Upon information and belief, the assets and liabilities of OLD CENTRAL OIL were assumed by Defendant MIPO.

32.     The Defendant CENTRAL OIL was, and/or is, merely a shell corporation that was established so that the Defendant MIPO could continue to conduct the same business of buying bunker fuels and owning and/or operating sea-going vessels.

33.     At all relevant times, the Defendants are, or were, situated at the same office address, namely, Seoul Special City Jung Gu Namdaemunro 4Ga 17-7 Dongsung BD 5th Fl, Seoul, Korea, as shown in the Commercial Registry Extract. The address is also shown as 5th Floor, Dong Sung Building, 17-7, 4-GA, Namdaemoon-Ro, Chung-Ku, Seoul, Korea, 100-094, as appearing in the order confirmation of OLD CENTRAL OIL/MIPO and Defendant CENTRAL OIL, but it is the exact same address and, therefore, the Defendants CENTRAL OIL and MIPO share common office space.

34.     The web sites mintglobal.bvdep.com, AlacraStore.com and Equasis all list the address for Defendant MIPO as 5th Floor, Dongseong Bldg. 17-7 Namdaemunro4-ga, Chung-gu, Seoul, Korea. *See*, Exhibit L, copies of the web site pages referenced in this paragraph.

35.     The Defendants share the common director, Park Yoo Chan who is shown to reside in Park town, 133-2402, Sunae Dong 55, Bundang Gu, Seong Nam City, Kyung Ki City in Defendant CENTRAL OIL's Commercial Registry Exact. In MIPO's Commercial Registry

7

Exact, Park Yoo Chan is shown to reside in Kyungki Do, Seong Nam City, Bundang Gu, Sunae dong 55, Park Town 133-2402, which is the same address simply stated in a different way. *See*, Exhibit I, the Commercial Registry Extracts for both Defendants issued by the Central Administration Office of Commercial Registry, National Court Administration on January 9, 2009, and March 6, 2009.

36. Upon information and belief, the Defendants have the same exact employees and, indeed, Y.C. Park, who ordered the bunker fuels is Park Yoo Chan.

37. Defendant OLD CENTRAL OIL/MIPO and Defendant CENTRAL OIL have the same telephone and fax numbers, namely 82-2-318-0501 and 82-2-318-0506 respectively.

38. Defendant OLD CENTRAL OIL/MIPO and Defendant CENTRAL OIL have an identical email address, namely centraloil@centraloil.co.kr.

39. Upon information and belief, the Defendant CENTRAL OIL has no separate, independent identity from Defendant MIPO.

40. The Defendant CENTRAL OIL is owned, operated and controlled by Defendant MIPO.

41. Upon information and belief, the Defendant CENTRAL OIL is under-capitalized.

42. By virtue of the foregoing, the Defendant MIPO is the alter ego of Defendant CENTRAL OIL because it dominates and disregards CENTRAL OIL's corporate form to the extent that CENTRAL OIL is actually carrying out MIPO's business.

43. By virtue of the foregoing, and pursuant to the specific terms of the contracts at issue, the Defendant MIPO is properly considered a party to the subject contract as the affiliate of the Defendant CENTRAL OIL.

44. By virtue of the foregoing, the Defendant MIPO is the successor in interest to OLD CENTRAL OIL by reason of the transfer of assets from OLD CENTRAL OIL to MIPO, the renaming of the company from OLD CENTRAL OIL to MIPO or that MIPO is a mere continuation of OLD CENTRAL OIL and, therefore, liable for the obligations arising under the contracts BOMIN entered into with OLD CENTRAL OIL, notwithstanding the existence of another newly-incorporated company bearing the same name, i.e. Defendant CENTRAL OIL.

45. CENTRAL OIL and MIPO are a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of MIPO susceptible to attachment and/or restraint for the debts of CENTRAL OIL as the alter ego of the Defendant CENTRAL OIL.

46. Alternatively, if Defendant CENTRAL OIL is now deemed as a separate corporation and not the alter ego of Defendant MIPO, Plaintiff alleges that CENTRAL OIL was acting as the agent of Defendant MIPO and that MIPO is liable to Plaintiff BOMIN because, with MIPO's full knowledge, CENTRAL OIL induced Plaintiff BOMIN to accept orders from and contract with CENTRAL OIL without knowing that OLD CENTRAL had changed its name to MIPO and that CENTRAL OIL was, nominally, a new company.

DAMAGES FOR THE BREACH OF THE MARITIME CONTRACT

47. As a consequence of the breach of the maritime contracts on the part of the Defendants the Plaintiff BOMIN has sustained damages for loss of payment and interest on the principal amount of the debt.

48.	As best as can now be estimated, the damages which the Plaintiff BOMIN sustained amounts to a principal claim in the amount of $302,977.00, plus 2% interest for each month that the payment is overdue.

49.	The payments are now twelve (12) months overdue and, therefore, the interest that is due under the contract amounts to $89,904.95.

DAMAGES BEING CLAIMED
FOR BREACHES OF MARITIME CONTRACT,
AND FOR WHICH SECURITY IS BEING SOUGHT

50.	The BOMIN General Terms and Conditions provide that any disputes arising between the Plaintiff BOMIN, as the supplier of marine fuel oil, and the Owners and Managers of vessels, which are supplied with the marine fuel oil are subject to the General Maritime Law of the United States of America an the place of jurisdiction is in the United States of America, but the contract does not limit BOMIN's right to prosecute the claim in the United States to the exclusion of other jurisdictions where BOMIN may be able to obtain *in personam* jurisdiction over the defendants.

51.	In the circumstances of this case, BOMIN is initiating this action in the U.S. District Court for the Southern District of New York to obtain security for its claims in accordance with F.R.C.P., Supplemental Admiralty and Maritime Rule B, but Plaintiff BOMIN is also intending to use these legal proceedings against the Defendants, and the *quasi in rem* jurisdiction obtained over the Defendants by the attachment of these funds, to proceed against the Defendants to a judgment in the Southern District of New York.

52.	In the Southern District of New York interest is a recoverable damage and interest is routinely awarded to the prevailing party in admiralty cases. *See*, Magee v. United

States Lines, Inc., 976 F.2d 821 (2d Cir. 1992); *see also*, Thomas v. iStar Fin., Inc., 508 F. Supp. 2d 252,(S.D.N.Y. 2007) (describing how prejudgment interest should be calculated in a federal admiralty case, i.e. the rate of a one-year Treasury Bill, compounded annually).

53.   As best as can now be presently estimated, the Plaintiff BOMIN expects to obtain a judgment against the Defendants in the Southern District of New York that will provide for the recovery of the following amounts from the Defendants:

| | | |
|---|---|---|
| A. | Principal claim, for breach of the fuel supply contract: | $302,977.00 |
| | Interest as per contract for 12 months | $ 89,904.95 |
| B. | Estimated interest on claim: (1 year at 0.48%, compounded yearly) | $   1,803.32 |
| | **Total Claim:** | **$394,685.17** |

### PRAYER FOR RELIEF

54.   Notwithstanding the fact that the Plaintiff intends to have the merits of the underlying dispute determined here in the Southern District of New York, there are, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

55.   Plaintiff BOMIN believes that some of these assets, *to wit*: bank accounts; freight and/or hire payments from the shippers of other cargoes; freight and/or hire payments being made to other vessel owners in U.S. dollars; freight and hire payments from other charterers or shippers of cargo; payments for goods and services such as marine fuel oils and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through

intermediary banks that are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

56.    As grounds for the allegation contained in ¶s 54 & 55 herein, the Plaintiff BOMIN states that Defendants CENTRAL OIL and MIPO trade in U.S. dollars, meaning that payments are made to, or from, these Defendants in U.S. dollars which are required to be processed by intermediary banks in New York, the Defendants MIPO and CENTRAL OIL have,made payments in U.S. dollars to the Plaintiff BOMIN which were required to be processed by intermediary banks in New York and it is believed that the Defendants MIPO and CENTRAL OILare continuing to make or receive payments in U.S. dollars on a regular basis, all of which are processed by intermediary banks located in this district.

57.    As set forth in the accompanying Declaration of George E. Murray, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

58.    Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants so that an eventual judgment can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendants be summoned to appear and answer this Verified Complaint;

B. That the Defendants not being found within this District, as set forth in the Declaration of George E. Murray, then all of their assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment by this Court so that a final judgment may be entered in favor of Plaintiff against the Defendants for the amount of its claim with interest, *i.e.* **$394,685.17**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and, or in the alternative,

E. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated at:    Port Washington, New York
             August 31 2009

                                    CHALOS, O'CONNOR & DUFFY, LLP
                                    Attorneys for Plaintiff,
                                    BOMIN BUNKER OIL LIMITED

                            By:     _____
                                    Owen F. Duffy (OD-3144)
                                    George E. Murray (GM-4172)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel:  (516) 767-3600
                                    Fax:  (516) 767-3605

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, declares under the penalty of perjury:

1. That I am a partner at the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, BOMIN BUNKER OIL LIMITED, herein;

2. That I have read the foregoing complaint and know the contents thereof;

3. That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because the verification of the officers of Plaintiff could not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       August 31, 2009

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff,
                                      BOMIN BUNKER OIL LIMITED

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmurray@codus-law.com